**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

UNITED STATES OF AMERICA,                                    Criminal No. 08-68(2) DWF/AJB

                            Plaintiff,

v.                                                          **REPORT AND RECOMMENDATION**

JUDITH SOLORIO,

                            Defendant.


David Steinkamp, Esq., Assistant United States Attorney, for the plaintiff, United States of America;

Nancy R. Vanderheider, Esq., for the defendant, Judith Solorio.


        This action came on for hearing before the Court, Magistrate Judge Arthur J. Boylan,

on April 22, 2008, at the U.S. Courthouse, 300 South Fourth Street, Minneapolis, MN 55415.  The

court issued an Order on Motions dated April 24, 2008, reserving defendant Judith Solorio's motion to

suppress statements  [Docket No. 39] and motion for severance [Docket No. 29] for submission to the

district court on report and recommendation.

        Based upon the file and documents contained therein, along with testimony received at

hearing, the magistrate judge makes the following:

**Findings**

        Defendant Judith Solorio was arrested at a Menards store parking lot in Richfield,

Minnesota, on the afternoon of February 13, 2008.  The arrest came in the course of an investigation

regarding methamphetamine possession and/or distribution.[1]  Following her arrest Ms. Solorio was transported approximately three miles to a detention center in the basement of Immigration and Customs Enforcement ("ICE") offices in Bloomington, Minnesota.  She was not immediately placed in one of the holding cells located at the detention center, but rather, was seated on a chair in a hallway near the booking area, awaiting arrest processing.  Solorio had been handcuffed during transport to the ICE facility, but the handcuffs were removed at the detention center.

ICE Special Agent Travis Hamblen met with the defendant where she was waiting at the detention center approximately two hours after the arrest.  Agent Hamblen had previously met Ms. Solorio, but he now reintroduced himself as an ICE Special Agent.  When they initially met in the hallway the defendant was quite upset and was crying.  Ms. Solorio is a native of Mexico but is a naturalized citizen of the United States.  The agent asked whether she would prefer having her rights read to her in Spanish or English and Solorio indicated that she understood English.  Hamblen then read the Miranda warning to Ms. Solorio in English from a pre-printed card.  Ms. Solorio stated that she understood her rights and that she was willing to answer questions.  Special Agent Hamblen thereafter conducted an interview lasting approximately 15 minutes in the detention center hallway.  During the interview the defendant did not request the assistance of an attorney and did not request that questioning be stopped, and she did not state that she wished to remain silent.  Though she remained a little upset, Ms. Solorio calmed down and stopped crying over the course of the interview.  She understood the questions put to her and her responses were appropriate to the questions.  The

---

[1] [Docket No. 1]; Criminal Complaint dated February 14, 2008.

interview ended when the defendant stated that she had no more information to offer.  Solorio was

subsequently placed in a holding cell at the ICE detention center.


Based upon the foregoing Findings, the magistrate judge makes the following:

**Conclusions**

**Statements.**  A custodial interview statement made by defendant Judith Solorio

following her arrest and transport to an ICE detention center was not made in violation of her

constitutional rights and suppression of the statement is not required.  The Miranda warning was read to

her and she acknowledged her understanding of her rights.  The statement was made voluntarily and

with defendant's understanding of her rights as an accused person.  The statement was not unlawfully

obtained through threats or promises or in violation of defendant's right to the assistance of counsel or

right to remain silent.

**Severance.**[2]  Pretrial severance of this action for separate trials of co-defendants is not

required.  Defendant Judith Solorio has not made the requisite showing in this case that severance is

necessary to avoid risk of compromising any specific trial right to which either defendant is entitled or

that severance is necessary to prevent the jury from making a reliable judgment as to her guilt or

innocence.

---

[2] Defendant has moved for severance of defendants and counts.  The indictment and record in this matter indicates that the separate conspiracy and aiding and abetting charges relate to essentially the same fact circumstances.  The charges are merely alternative offenses involving largely the same proof.  Defendant offers no particularized argument with respect to prejudice, jury confusion, or other trial issue that might arise as a result of joint trial on counts.  Indeed, separate trials on each count is more likely to raise double jeopardy concerns in this instance.

Two or more defendants may be charged in the same indictment if they are alleged to

have participated in the same transaction or series of incidents constituting an offense or offenses. Fed.

R. Crim. P. 8(b).  There is a preference in the federal system for joint trials of defendants who are

indicted together. Zafiro v. United States, 506 U.S. 534, 113 S.Ct. 933, 937 (1993).  The co-

defendants in this matter have been indicted on a charge of conspiracy to distribute and possess with

intent to distribute methamphetamine and a separate charge of aiding and abetting possession with intent

to distribute methamphetamine.  Under these circumstances, the general rule in the federal system is that

the co-defendants should be tried together.  The court may grant a severance of defendants if it appears

that a defendant is prejudiced by a joinder of defendants at trial.  Fed. R. Crim. P. 14.  A court "should

grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a

specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about

guilt or innocence." Zafiro, 113 S.Ct. at 938.

In her motion, defendant Solorio generally asserts improper joinder of defendants and

counts, potential jury confusion as to the facts, and possible introduction of evidence in a joined trial

that would otherwise be inadmissible in a separate trial.  Defendant contends that her Fifth Amendment

rights are at risk and that she would obtain "a fair and more impartial trial" if counts are tried separately.

The present factual record in this case offers no obvious indication as to how this

defendant is prejudiced by joinder with the other defendant in this case, particularly to the extent

necessary to overcome the preference for joinder in cases of this nature.  It is not patently apparent that

a jury would be unable to distinguish and apply the evidence relating to one defendant or count from

evidence relating to the other defendant or count, and severance of defendants and is therefore not required on that basis.  Moreover, defendant Solorio offers no particularized argument and asserts no specific prejudice arising out of the possibility that her co-defendant will argue and seek to introduce otherwise inadmissible evidence implicating Solorio in charged offenses.  The present factual record in this case offers no compelling indication as to how either defendant is prejudiced by joinder with the other defendant in this case to the extent necessary to overcome the preference for joinder in cases of this nature and likewise provides no particularized argument or facts to establish possible prejudice or confusion resulting from a joined trial on the individual counts.  In any event it is certainly not an extraordinary occurrence that one defendant would be pointing the finger at another, and it is not patently apparent that a jury would be unable to distinguish and apply the evidence relating to one defendant from evidence relating to other defendants.  Joinder of counts and defendants in this case was not improper and severance is not required.

Based upon the foregoing Findings and Conclusions, the magistrate judge makes the following:

### RECOMMENDATION

The Court **hereby recommends** that:

1.  Defendant  Judith Solorio's Motion for Suppression of Confessions or Statements in the Nature of Confessions be **denied**  [Docket No. 39]; and

2.  Defendant Judith Solorio's Motion for Severance of Counts and Defendants be **denied** [Docket No. 29].

Dated:   April 24, 2008

      s/ Arthur J. Boylan
Arthur J. Boylan
United States Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.  This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.  Written objections must be filed with the Court before May 12, 2008.

Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and file a complete transcript of the hearing within ten days of receipt of the Report.